## Keister et al. v. Shonberger.

*Practice—Pleadings—Admissions.*

Where plaintiffs' statement sets forth that all sketches and preliminary specifications were delivered to the defendant, and the defendant files an affidavit of defence denying that all such sketches and preliminary specifications were delivered, and upon a rule by the plaintiffs on the defendant, the court, in an opinion, held, *inter alia*, that the plaintiffs were entitled to be informed just what were not delivered, and the defendant filed a supplemental affidavit of defence, admitting that some were delivered, and the affidavit also contained averments of material defects in the plans and sketches furnished: Held, that the rule could not be made absolute, but that on the trial defendant could not dispute plaintiffs' allegations that all plans and specifications were delivered.

Rule to show cause why an affidavit of defence should not be stricken from the record. C. P. Northampton Co., April T., 1922, No. 108.

*Charles P. Maxwell*, for plaintiffs; *Orrin Serfass*, for defendant.

STEWART, P. J., Dec. 11, 1922.—This was a rule to show cause why the affidavit of defence filed Nov. 13, 1922, under the order of court of Oct. 30, 1922, should not be stricken from the record. The opinion accompanying that order was reported in Northampton County Reporter, Vol. 18, page 282, and contains a reference to the two previous opinions. In the last opinion we said, referring to the affidavit of defence: "The fifth paragraph of that affidavit is an answer to the sixth paragraph of the statement. The opening paragraph is: 'That all such sketches and preliminary specifications were not delivered by defendant to plaintiff.' (Of course, this is merely a careless reversal of the parties, and the same applies to the next clause.) That assumes that some sketches and preliminary specifications were delivered by plaintiff to defendant, but the allegation should be specific, and the plaintiffs should be informed just what were not delivered to defendant." In the last affidavit of defence the fourth paragraph is as follows: "Defendant denies the averments of fact in the sixth paragraph of said statement. However, defendant admits that some sketches and preliminary specifications were delivered by plaintiff to defendant." That is not a compliance with the quotation from our opinion. The allegation of the plaintiffs is that *all* sketches and preliminary specifications were delivered. The defendant admits that *some* were delivered. In the answer to the rule the defendant avers that paragraphs 5, 6, 7, 8, 9 and 10 sufficiently answer paragraph 6. Those paragraphs of the answer relate to the alleged defects in the specifications. We are in doubt as to whether we could make this rule absolute, in view of the subject-matter of those numbered paragraphs, but we have no doubt that under the pleadings as they now stand, by virtue of the 6th section of the "Practice Act, 1915," when this case is tried, "it shall be taken to be admitted" that *all* specifications were furnished by the plaintiffs, as they allege, and that matter will not be a disputed matter.

And now, Dec. 11, 1922, rule to show cause why the affidavit of defence filed Nov. 13, 1922, should not be stricken from the record is discharged.

From Henry D. Maxwell, Easton, Pa.